31 C.C.P.A.(Patents)

## In re RIECHE et al.

### Patent Appeals No. 4884.

Court of Customs and Patent Appeals.
April 27, 1944.

Edward P. Gilheany, of New York City (Stevens & Davis, T. A. Hostetler, and Richard K. Stevens, all of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

In this appeal we are called upon to review a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting all of the claims, 1, 2 and 3, of the application of appellants for a patent relating to alleged "new and useful improvements in 'Manufacture of Cation-Exchangers'."

The involved claims read as follows:

"1. A manufacture of water-insoluble cation exchangers which comprises causing lignin substances of the group consisting of difficultly water-soluble and water-insoluble partially desulfonated lignin sulfonic acids, lignin obtained by acidifying black liquors in the soda wood-pulp process and nitrolignin to react in an alkaline medium with a water-soluble sulfite and formaldehyde, drying the resulting products and treating the dried products at temperatures up to about 100° C with a sulfonating agent.

"2. A manufacture of water-insoluble cation exchangers which comprises causing lignin substances of the group consisting of difficultly water-soluble and water-insoluble partially desulfonated lignin sulfonic acids, lignin obtained by acidifying black liquors in the soda wood-pulp process and nitrolignin to react in an alkaline medium with a water-soluble sulfite and formaldehyde, drying the resulting products and treating the dried products at temperatures up to about 100° C with concentrated sulfuric acid.

"3. Water-insoluble cation exchanging products as obtainable according to claim 1."

Cation-exchangers are widely used, particularly in softening water. So-called hard water contains small amounts of calcium, magnesium or iron salts in solution. So-called soft waters are relatively free of dissolved salts, but if such salts are present they are of sodium or potassium. Calcium, magnesium and iron salts in solution are removed from the hard water by

their ions being exchanged by the cation-exchange substance, with the result that the water then contains the dissolved sodium and potassium salts in place of the calcium, magnesium or iron salts. Lignin substances difficultly soluble or insoluble are utilized in the manufacturing of such cation-exchangers, according to the application. Such cation-exchanger is fully set out in the claims.

The Primary Examiner rejected the claims as being based upon an inadequate disclosure for the reason that no degree of desulfonation is disclosed for the starting materials. Certain prior art was cited by the examiner for the purpose of showing that desulfonation with alkalies may result in various types of products. The cited prior art is as follows: Hibbert et al., 2,069,185, January 26, 1937; Alles, 2,122,124, June 28, 1938; Sutterlin et al., 2,172,301, September 5, 1939; Mauthe et al., 2,184,622, December 26, 1939; Wassenegger et al., 2,195,196, March 26, 1940.

The examiner also rejected the claims as being drawn to an improper Markush group.

The Board of Appeals affirmed the decision of the examiner on the same grounds.

The tribunals of the Patent Office held that the description of appellants' starting material, "finally pulverized lignin-sulfonic acid, desulfonated to a considerable extent by means of alkalies," was too indefinite to enable one skilled in the art to identify or produce the starting material intended by appellants to be used. The specification points out only that the lignin-sulfonic acids are "obtainable from pine wood or hard wood."

The prior art patents of Hibbert et al., Alles, and Mauthe et al. disclose the desulfonation of lignin-sulfonic acids or sulfite liquors containing such acids in various degrees of treatment with alkalies. Such treatments seemingly produce quite different products. The Hibbert et al. patent produces vanillin, the odoriferous principle of vanilla, a completely desulfonated substance, and the Alles patent follows the process of the claims yet arrives at a water-soluble tanning agent by treating desulfonated lignin-sulfonic acid with alkalies. While the patent does not disclose the drying of the intermediate product before sulfonation this was deemed to have no chemical significance. The degree of desulfonation obviously is critical, as is evident from the cited prior art, particularly the Alles patent.

Appellants' application fails to point out which of any of the various degrees of desulfonation are to be employed, and clearly fails to properly identify the starting substance. Therefore the claims were properly rejected, and it is not necessary to consider the rejection under the Markush doctrine.

For the reasons herein given the decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, P. J., did not participate in the consideration or decision of this case.